UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
BRIAN W. HENRY,

                                        Plaintiff,

                        -against-


ROBERT BRZESKI, *sued individually and in his*
*Capacity as a Detective of the Nassau County Police,*
*Department*; MATTHEW ROSS, *sued individually*
*and in his capacity as a Detective of the Nassau*
*County Police Department*; MICHAEL MULLEN,
*sued individually and in his capacity as a Police*
*Officer of the Bureau of the Special Operations of*
*the Nassau County Police Department*; RAFAEL
MORALES, *sued individually and in his capacity as*
*a Police Officer of the Bureau of Special Operations*
*of the Nassau County Police Department*; CHRIS
STEIN, *sued individually and in his capacity as a*
*Police Officer of the Bureau of Special Operations*,

                                        Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-05682 (JMA) (LGD)

FILED
CLERK

11:43 am, Feb 15, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff Bryan W. Henry alleges that

Defendants, members of the Nassau County Police Department, violated his constitutional rights

in connection with his arrest and subsequent prosecution on charges of murder and robbery, among

other crimes.  (See ECF No. 1.)  On June 6, 2022, Defendants filed a motion for judgment on the

pleadings pursuant to Federal Rule of Civil Procedure 12(c), (ECF No. 26), which the Court

referred to Magistrate Judge Lee G. Dunst for a report and recommendation ("R&R").  (Electronic

Order dated Oct. 20, 2022.)   In a R&R issued on January 26, 2023, Magistrate Judge Dunst

recommends that the Court grant Defendants' motion.  (ECF No. 39.)  Plaintiff has filed objections

to the R&R.  (ECF No. 41, "Objections".)  After conducting a review of the full record (including

the motion papers, R&R, and objections) and applicable law, the Court adopts the R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd sub nom. Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of the R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which Plaintiff has objected.

First, Plaintiff disputes Magistrate Judge Dunst's conclusion that the Conditions of Vacatur bars the claims in his complaint. (Objections at 3.) He is mistaken. Under the plain terms of the Conditions of Vacatur, entered into between Plaintiff and the Nassau County District Attorney's Office following his cooperation with federal prosecutors, the District Attorney's Office "consented to vacatur of [his] convictions under Ind. No. 184/2011, pursuant to C.P.L. § 440.10(1)(g)." (ECF No. 12-8 at 2.) In exchange, Plaintiff agreed "to waive any claim that [his] arrest was not based on probable cause," and "to waive [his] right to bring civil charges or any kind of civil lawsuit against . . . any employee of the Nassau County Police Department," including "any civil claims regarding [his] arrest[ and] prosecution pursuant to Ind. No. 184/2011." (Id.) As the R&R explains, "an agreement not to sue prosecutors in return for a dismissal of criminal charges may be enforceable when '[the criminal defendant] voluntarily entered into the agreement, and the prosecutor had a legitimate reason to make this agreement that was directly related to his

prosecutorial responsibilities and was independent of his discretion as to bringing criminal charges.'" (R&R at 10 (quoting Town of Newton v. Rumery, 480 U.S. 386, 392 (1987).) Plaintiff offers no basis to conclude that his waiver of potential civil claims was not "done voluntarily, knowingly, and intelligently," Intermor v. Inc. Vill. of Malverne, No. 03-CV-5164, 2007 WL 2288065, at *9 (E.D.N.Y. Aug. 8, 2007), or that the Conditions of Vacatur is otherwise unenforceable. His remaining contentions are without merit.[1] Accordingly, the Court agrees with Magistrate Judge Dunst that the Conditions of Vacatur "bars the claims in the Complaint, which are all brought against employees of the Nassau County Police Department primarily as a result of the December 22, 2010 arrest resulting in Indictment No. 184/2011." (R&R at 12–13 (footnote omitted).)

Second, Plaintiff asserts that "his federal guilty plea [is not] fatal to the claims at issue," citing the Second Circuit's decision in Poventud v. City of New York, 750 F.3d 121 (2d Cir. 2014) (en banc). (Objections at 3, 5–7.) He mischaracterizes Poventud as "address[ing] the question of whether the plaintiff could sue under § 1983 after pleading guilty and waiving his right to sue." (Id. at 5 (emphasis added).) However, the plaintiff in Poventud did not—unlike Plaintiff here— agree to waive or release potential § 1983 claims in connection with his guilty plea. Poventud is, therefore, inapposite.[2]

---

[1]     Plaintiff asserts that he was faced with "the true Hobson's Choice" between remaining incarcerated or pleading guilty and agreeing to the Conditions of Vacatur. (Objections at 4–5.) To the extent that he suggests that this choice rendered his agreement "involuntary," this contention is unavailing. See Poventud v. City of New York, 750 F.3d 121, 141 (2d Cir. 2014) (en banc) (Lynch, J., concurring) ("A defendant who is fully aware of the consequences of pleading guilty may enter a binding plea of guilty, notwithstanding powerful inducements to do so.").

[2]     Plaintiff's reliance on Poventud is misplaced for an additional reason. There, the plaintiff's initial state court conviction was vacated in his favor based on Brady v. Maryland, 373 U.S. 83 (1963). See Poventud, 750 F.3d at 124. Here, although the Appellate Division, Second Department initially vacated Plaintiff's state court convictions, see People v. Henry, 144 A.D.3d 940 (2 Dep't 2016), the New York Court of Appeals subsequently reversed and remanded the case for further proceedings, see People v. Henry, 31 N.Y.3d 364 (2018). As a result, Plaintiff's repeated contention that "his conviction was vacated in his favor," (Objections at 6), is simply incorrect.

After conducting a de novo review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court agrees with Magistrate Judge Dunst's recommendations, and therefore adopts the well-reasoned R&R in its entirety as the opinion of the Court.  Accordingly, Defendants' motion for judgment on the pleadings is granted.

The Court next turns to Plaintiff's motion for leave to amend his complaint, filed while Defendants' motion for judgment on the pleadings was pending.  (ECF No. 36.)  Plaintiff seeks to remove paragraphs 89–100 of his complaint, which address his federal guilty plea, "as such section is irrelevant, unnecessary, and holds no bearing to the claims alleged against any of the Defendants."  (Id.)  However, Plaintiff's proposed amendment would not remedy the flaw at the heart of his complaint:  namely, that the Conditions of Vacatur bars this § 1983 action.  Accordingly, leave to amend is denied as futile.

For the foregoing reasons, Plaintiff's objections to the R&R are OVERRULED; Defendants' motion for judgment on the pleadings is GRANTED.  Plaintiff's motion for leave to amend his complaint is DENIED.

The Clerk of Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated:  February 15, 2023
Central Islip, New York

                 /s/   (JMA)
          JOAN M. AZRACK
          UNITED STATES DISTRICT JUDGE